UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| DONALD WAYNE AREHART,<br><br>Plaintiff,<br><br>vs.<br><br>PENNINGTON COUNTY SHERIFF'S OFFICE, DEPUTY WHITTLE, DEPUTY JOSHUA KUNDE, DEPUTY KENT PRZYMUS,<br><br>Defendants. | CIV. 18-05043-JLV<br><br>ORDER GRANTING *IN FORMA PAUPERIS* STATUS AND DISMISSING CASE |

On June 29, 2018, plaintiff Donald Wayne Arehart, appearing *pro se*, filed a complaint against the above-named defendants. (Docket 1). Plaintiff moves for leave to proceed *in forma pauperis* and provided the court with his financial information. (Dockets 2 & 7). Section 1915 of Title 28 of the United States Code, as amended by the Prison Litigation Reform Act ("PLRA"), governs proceedings filed *in forma pauperis*. When a prisoner files a civil action *in forma pauperis*, the PLRA requires a prisoner to pay an initial partial filing fee when possible. See 28 U.S.C. § 1915(b)(1). The initial partial filing fee is calculated according to § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or

> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Id.

In support of his motion, Mr. Arehart provided copies of his prisoner trust account report signed by an authorized official. (Dockets 3 & 8). The most recent report of the institution at which he is currently incarcerated shows an average monthly deposit of $33.37, an average monthly balance of $0 and a current balance of $0. Id. Based on this information, the court grants Mr. Arehart leave to proceed *in forma pauperis* provided he pays an initial partial filing fee of $6.67, which is 20 percent of $33.37. 28 U.S.C. § 1915(b)(1). Mr. Arehart must pay this initial partial filing fee by August 27, 2018.

Under 28 U.S.C. § 1915A, the court must review a prisoner complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. This screening process "applies to all civil complaints filed by [a] prisoner[], regardless of payment of [the] filing fee." Lewis v. Estes, 242 F.3d 375 at *1 (8th Cir. 2000) (unpublished) (citing Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999)). During this initial screening process, the court must dismiss the complaint in its entirety or in part if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The court may dismiss a complaint under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim as "the statute accords judges not only

the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Because Mr. Arehart is proceeding *pro se*, his pleading must be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007).

Mr. Arehart names the Pennington County Sheriff's Department as a defendant in this case. Sheriff's departments are not suable entities. See Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (8th Cir. 1992); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); In re Scott County Master Docket, 672 F. Supp. 1152, 1163 n.1 (D. Minn. 1987) (sheriff's department is not legal entity subject to suit), *aff'd*, Myers v. Scott County, 868 F.2d 1017 (8th Cir. 1989). Mr. Arehart's claims against the Pennington County Sheriff's Department are therefore dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

On July 11, 2018, Mr. Arehart supplemented his complaint to add Deputy Whittle, Deputy Joshua Kunde, and Deputy Kent Przymus as defendants. (Docket 6). Plaintiff states, "I would greatly appreciate in granting my lawsuit against, Deputy Whittle[,] Deputy Joshua Kunde[, and] Deputy Kent Przymus for cruel and unusual battery, for [$]560.00 a day incarcerated for making [me] sit in [a] patrol car handcuffed for more than 8 hours, no food, water, or bathroom[.]" Id.

Plaintiff fails to specify whether Deputy Whittle, Deputy Kunde, and Deputy Przymus are sued in their individual or official capacity. In such a situation, it is proper for the court to "interpret the complaint as bringing only official-capacity claims." Egerdahl v. Hibbing Comm. College, 72 F.3d 615, 619 (8th Cir. 1995). County employees are not subject to liability under § 1983 in their official capacities unless a plaintiff shows that the constitutional violation in question stemmed from an unconstitutional policy or custom of the government entity itself. Hafer v. Melo, 502 U.S. 21, 25 (1991). Plaintiff does not point to any offending policy or custom of Pennington County. Accordingly, Mr. Arehart's claims against Deputy Whittle, Deputy Kunde and Deputy Przymus are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Based on the above analysis, it is

ORDERED that Mr. Arehart's motion to proceed *in forma pauperis* (Docket 2) is granted. Mr. Arehart shall pay the initial partial filing fee of $6.67 by **September 28, 2018**.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the institution having custody of Mr. Arehart shall, whenever the amount in Mr. Arehart's inmate account exceeds $10, forward monthly payments that equal 20 percent of the funds credited to the account the preceding month to the Clerk of Court for the United States District Court, District of South Dakota, until the $350 filing fee is paid in full.

IT IS FURTHER ORDERED that the Clerk of Court is directed to send a copy of this order to the appropriate official at plaintiff's institution.

IT IS FURTHER ORDERED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), plaintiff's complaint (Docket 1) is dismissed without prejudice for failing to state a claim upon which relief can be granted.

DATED this August 13, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY VIKEN
CHIEF JUDGE